IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

PORSCHE SEAS                                                                                    PLAINTIFF

vs.                                              Civil No. 2:17-cv-02214

NANCY A. BERRYHILL                                                                         DEFENDANT
Acting Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Porsche Seas ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for Disability Insurance Benefits ("DIB"), Supplemental Security Income ("SSI"), and a period of disability under Title II and XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 7. Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.      Background:**

Plaintiff protectively filed her disability applications on September 1, 2011. (Tr. 410-422). In these applications, Plaintiff alleges being disabled due to a back injury, a leg injury, and extreme pain. (Tr. 446). Plaintiff alleges an onset date of August 4, 2009. (Tr. 120). These applications were denied initially and again upon reconsideration. (Tr. 240-241).

Plaintiff requested an administrative hearing on December 1, 2012. (Tr. 285). This request was granted, and Plaintiff's administrative hearing was held on May 29, 2013. (Tr. 208-239). After

1

that hearing, the ALJ held two additional administrative hearings. (Tr. 145-207). Thereafter, on September 30, 2016, the ALJ entered a partially favorable decision. (Tr. 121-137). The ALJ awarded Plaintiff disability benefits beginning on her alleged onset date of August 4, 2009 and continued them through June 23, 2013. *Id.* After that date, the ALJ found Plaintiff's disability benefits should be discontinued. (Tr. 137, Finding 21).

Specifically, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2016. (Tr. 124, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since August 4, 2009, the date she became disabled. (Tr. 124, Finding 2). The ALJ found that from August 4, 2009 through June 22, 2013, the period during which the claimant was under a disability, the claimant had the following severe impairments: "degenerative disc disease in the lumbar spine with radiculopathy, right shoulder impingement, chronic regional pain syndrome, and an affective disorder." (Tr. 124-125, Finding 3). The ALJ determined that, from August 4, 2009 through June 22, 2013, Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 125, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 126-129, Finding 4). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the capacity to perform the following:

> After careful consideration of the entire record, the undersigned finds that, from August 4, 2009 through June 22, 2013, the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant would have needed the ability to alternate from sitting to standing for 30 minutes after every hour of sitting. The claimant would be able to stand for six hours, stand for two hours, and walk for two hours in an eight-hour workday. The

claimant could perform occasional use of foot controls with the left lower extremity. The claimant can frequently push/pull with the right, non-dominant upper extremity. The claimant could perform occasional overhead and all other directional reaching with the right, non-dominant upper extremity. The claimant could occasionally climb stairs/ramps, stoop, kneel, crouch, and crawl. The claimant would not have been able to climb ladders, ropes, or scaffolds. The claimant needed to avoid working at unprotected heights, around moving machinery, and operating a motor vehicle.

Mentally, the claimant is limited to unskilled work meaning she is able to perform simple, routine, and repetitive tasks. The claimant could use judgment in simple work-related situations and make simple work-related decisions. The claimant should have incidental contact with coworkers and the public. However, the claimant would have missed more than twice per month; and, she would have required frequent, unscheduled work breaks, at will, throughout the day.

*Id.*

The ALJ determined that Plaintiff was a "younger individual" on her established disability onset date, as defined in 20 C.F.R. § 404.1563(c) and 20 C.F.R. § 416.965(c). (Tr. 129, Finding 6). The ALJ determined Plaintiff had at least a high school education and was able to communicate in English. (Tr. 129, Finding 7).

Considering her RFC, the ALJ determined that through August 4, 2009 through June 22, 2013, Plaintiff did not retain the capacity to perform her Past Relevant Work ("PRW"). (Tr. 129, Finding 5). The ALJ also determined that, through that time period, there were no jobs existing in significant numbers in the national economy Plaintiff could perform. (Tr. 129-130, Finding 9). Accordingly, the ALJ determined Plaintiff was under a disability, as defined by the Act, from August 4, 2009 through June 22, 2013. (Tr. 130, Finding 10).

Thereafter, the ALJ found medical improvement occurred as of June 23, 2013. (Tr. 132, Finding 13). The ALJ found the medical improvement that occurred as it related to her ability to work because there was an increase in her RFC. (Tr. 133, Finding 14). The ALJ then determined

that after June 23, 2013, Plaintiff retained the following RFC:

> After careful consideration of the entire record, the undersigned finds that, beginning June 23, 2013, the claimant has had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant would have needed the ability to alternate from sitting to standing for 30 minutes after every hour of sitting. The claimant would be able to stand for six hours, stand for two hours, and walk for two hours in an eight-hour workday. The claimant could perform occasional use of foot controls with the left lower extremity. The claimant could perform occasional overhead and all other directional reaching with the right, non-dominant upper extremity. The claimant could occasionally climb stairs/ramps, stoop, kneel, crouch, and crawl. The claimant would not have been able to climb ladders, ropes, or scaffolds. The claimant needed to avoid working at unprotected heights, around moving machinery, and operating a motor vehicle.
>
> Mentally, the claimant is limited to unskilled work meaning she is able to perform simple, routine, and repetitive tasks. The claimant could use judgment in simple work-related situations and make simple work-related decisions. The claimant should have incidental contact with coworkers and the public.

(Tr. 133-136, Finding 15).

Considering this new RFC, the ALJ found Plaintiff was still unable to perform her PRW. (Tr. 136, Finding 16). However, even though she still could not perform her PRW, the ALJ determined that after June 23, 2013, there were jobs existing in significant numbers in the national economy Plaintiff could perform. (Tr. 136-137, Finding 20). The Vocational Expert ("VE") testified at the administrative hearing regarding this issue. *Id.* Specifically, the VE testified that considering Plaintiff's RFC after June 23, 2013, she retained the capacity to perform work as a storage facility rental clerk with 43,000 such jobs nationally. *Id.* As such, the ALJ determined Plaintiff's disability ended on June 23, 2013. (Tr. 137, Finding 21).

Plaintiff requested the Appeals Council's review of this partially unfavorable determination, and the Appeals Council declined to review this case. (Tr. 6-8). Thereafter, on November 15, 2017,

Plaintiff filed her Complaint in this action. ECF No. 1. Both Parties have filed appeal briefs and have consented to the jurisdiction of this Court. ECF No. 7, 16-17. This case is now ready for decision.

**2.     Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and

5

laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.      Discussion:**

In her appeal brief, Plaintiff alleges the unfavorable portion of the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 16 at 1-13. Specifically, Plaintiff claims the ALJ's determination that her impairment improved on June 23, 2013 is not supported by substantial evidence in the record. *Id.* Plaintiff argues this decision was only supported by the results of a one-time examining physician and her sparse medical treatment, which is not sufficient. *Id.*

Upon review, the Court finds the ALJ's determination that Plaintiff's disability ended on June 23, 2013 is not supported by substantial evidence in the record. In the ALJ's decision, she based Plaintiff's medical improvement primarily upon two findings: (1) a one-time assessment from Dr. Warren Yu, M.D., a consulting examiner; and (2) Plaintiff's lack of medical treatment from 2013 through 2016. (Tr. 116-137). Thus, the Court will consider those two pieces of evidence.

First, Dr. Yu's assessment is dated June 23, 2013. (Tr. 737-741). In this assessment, Dr. Yu determined Plaintiff was able "to lift and carry 20 pounds occasionally and 10 pound frequently," "to push and pull with her right upper extremity on a frequent basis," and "to walk and stand four hours of an eight-hour day." (Tr. 741). In accordance with these findings, the ALJ determined that as of June 23, 2013, Plaintiff retained the capacity to perform a wide range of light work. (Tr. 133, Finding 15).

However, as Plaintiff testified and as reflected from this relatively short report, it appears Dr. Yu only performed a limited examination. (Tr. 167). Plaintiff testified as follows regarding this examination:

> A    Yes, in regards to I believe it's Dr. Yu's examination. I am unclear as to how he found some of those findings when I spent only two minutes with him. He literally ran his hand from my lower back to my mid back and that was my examination. He did ask me a few questions and that's all he did. He didn't do what the other doctors had asked me to bend or raise my hands or try to move my feet. So I don't know how he could have found some of those things that the Judge was–was saying.

(Tr. 172). Additionally, as a consulting physician, his opinions do not provide substantial evidence supporting the ALJ's decision on this issue. *See Cox v. Barnhart,* 345 F.3d 606, 610 (8th Cir. 2003).

Second, the ALJ noted Plaintiff had a lack of treatment from June 23, 2013 until the date of her decision or until October 5, 2016. (Tr. 116-137). The ALJ repeatedly referenced Plaintiff's lack

of treatment in her decision. (Tr. 133-136). For example, the ALJ found Plaintiff's limited restrictions were "consistent with the claimant's lack of treatment over a two year period." (Tr. 134). However, as Plaintiff noted, she was not receiving appropriate care "because it was being improperly denied by the Worker's Compensation System." (Tr. 727). As her treating physician noted, "[t]his is a very debilitating disease and I believe is a result of the lack of care that she has had to date afforded to her through the Workers' Compensation system." (Tr. 727). Further, despite her failure to seek treatment, Plaintiff was still taking multiple pain medications to manage her symptoms. (Tr. 159-161). Thus, it is not as if Plaintiff was entirely without medication and care for three years.

Accordingly, the Court finds this examination and the lack of medical treatment is not substantial evidence to support the ALJ's decision to discontinue Plaintiff's disability benefits as of June 23, 2013.

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff as of June 23, 2013, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 10th day of December 2018.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE